# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

Jason Goode

Civil no. 3:18cv1272(AVC)

v.

Gregorio Robles
Nick Rodriguez
Mark Frayne
 Defendants

August 1, 2018

## Preliminary STATEMENT OF COMPLAINT

1. Plaintiff, Jason Goode, brings this action pursuant to 42 U.S.C. §1983 because defendants knowingly and willfully have (and are yet) exacerbating plaintiff's serious mental health need or condition of extreme clinical anxiety and post-traumatic stress symptoms by his current prison housing assignment (i.e. lower tier cell housing); and thus, deliberately exposing plaintiff to an unreasonable risk of serious damage to his future health and thereby subjecting him to cruel and unusual punishment, which is in violation of the Eighth Amendment of the United States Constitution.

## Jurisdiction and Venue

2. This court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States and pursuant to 28 U.S.C. § 1343 because this action seeks to redress the deprivation of Constitutional rights under the color of state law.

## Parties

3. Plaintiff, Jason Goods, is a prisoner in the custody of the Connecticut Department of Correction and was and is confined at the time of this violation, described herein, at the Northern Correction Institution (NCI) in Somers, Connecticut

4. Defendant Gregorio Robles is a correctional Captain at NCI. As such, he is responsible for custody and security of assigned inmates, including housing unit cell assignments, coordinates plans and manages training activities, provides staff training and assistance. At all relevant times

2

he was acting within the scope of his employment and under the color of state law. He is being sued in his official and individual capacity.

5. Defendant Mark Frayne is a psychologist who was retained or employed by NCI for the purpose of providing mental health care and treatment to inmates. He is responsible for the mental health care and treatment of plaintiff during the period of his confinement at NCI. At all relevant times, he was acting within the scope of his employment and under color of state law. He is being sued in his individual and official capacity.

6. Defendant Nicholas Rodriguez is a Correctional Warden at NCI. As such, he is responsible for the development and implementation of custody and treatment programs or institutional operational and/or treatment policies and practices, reviews, disposition of inmate grievances, coordinates, plans and manages custody and security and/or treatment activities. At all relevant times, he was acting within the scope of his employment and under the color of state law. He is being sued in his individual and official capacity.

3.

## Statement of Facts

7. On January 8, 2018, Plaintiff was returned to the Phase 1 program of Administrative Segregation in NCI from the MacDougall-Walker Correction Institution and housed in cell 116, which is the lower level tier of the 1-West housing unit.

8. Subsequently, on 1-9-18, Plaintiff repeated to Captain Robles of his psychological condition (i.e. extreme anxiety) which causes him to shutter at noise disturbances (e.g. chairs scraping across floors, stomping overhead on floors, ect.) which, in turn, provokes hostile responses and Plaintiff had requested, because of this, that he be returned to an upper level cell to prevent these anxiety attacks.

9. Defendant Robles stated to Plaintiff on 1-10-18 that he would have to ascertain plaintiff's health file for any indications of anxiety claims precipitated by low-level housing.

10. Plaintiff followed-up with Defendant Robles on 1-19-18 by asking him if he was going

4

to move the plaintiff to an upper level cell as he had consistently (for more than a year) maintained plaintiff before.

11. Defendant Robles (on 1-19-18) responded, "no", at which point Plaintiff engaged Defendant Robles again by stating that he (plaintiff) had been through this before with correctional and mental health staff not considering his psychological condition and that, as a result, he had been criminally charged in Norwich Superior Court in 2014 for assault over this. Defendant Robles stated, "you are properly housed."

12. From the commencement of this complaint — or a few months prior to, plaintiff had been housed underneath prisoner Daniel Webb who is housed in cell 216 — directly on top of plaintiff.

13. While being housed beneath prisoner Webb, plaintiff begun to experience the innate onslaught of anxiety attacks from inexplicable and intermittent noises of prisoner Webb either dropping an object to what it sounded as a chair scrapping across his cell floor to other ~~farting~~ foreign and loud disturbing noises on his cell floor

14. These sound disturbances often erupted in heated arguments between the plaintiff and prisoner Webb who claimed he was not doing anything intentionally but just carrying out his daily activities within his cell which plaintiff had been skeptical about.

15. Prisoner Richard Reynolds had been moved into cell 216, above of Plaintiff, on February 26, 2018 after prisoner Webb had been moved for normal routine housing unit cell moves

16. Not too long after prisoner Reynolds moved into the cell above plaintiff similar noises began to surface, consequently immobilizing plaintiff with anxiety and subsequent frustration to thrash prisoner Reynolds over. Again, this precipitated arguments between prisoner Reynolds and I

17. As a means to seemingly aggravate the plaintiff, Reynolds would constantly flush his cell toilet, knowing this noise would agitate the plaintiff who would, in turn, after his anxiety abated, bang on Reynolds toilet which is vertically connected to plaintiff's.

18. Plaintiff's days are virtually checkered with arresting anxiety and anticipation anxiety when and where he can not perform certain activities, e.g. writing, sleeping, studying, praying and sometimes even eating unless it's with head phones to fortify himself against the noise he is expecting over head.

## Causes of Action

19. Plaintiff incorporates the allegations in paragraph 1-19 herein.

20. Defendant Robles knowingly and willfully — with the intent to injury — violated plaintiff's Eighth Amendment Right of the United States Constitution to be free from cruel and unusual punishment by exposing him to an unreasonable risk of serious harm to his current and future psychological health when deliberately reassigning plaintiff to a lower-level cell where defendant knew any such overhead noise would torture plaintiff.

21. Defendant Frayne knowingly and willfully violated the plaintiff Eighth Amendment Rights of the United States Constitution to be free from Cruel and Unusual Punishment when Defendant Frayne failed to treat Plaintiff with medication or, in the least, provide therapy.

22. Defendant Rodriguez violated the Plaintiff's Eighth Amendment Right of the United States Constitution to be free from Cruel and Unusual Punishment by having took notice of it (i.e. complaint), failing to rectify it and thereby allowing plaintiff to remain in anguish under these condition.

### Exhaustion of Administrative Remedies

23. Plaintiff has exhausted his administrative remedies to the hilt on this matter.

### Prior Lawsuits Filed

24. Plaintiff has settled Goode v. Blue, 3:10cv1315 (WIG), which consisted of excessive use of force.

25. Goode v. Quiros, et al 3:18-CV-1205 (JCH) is currently being scheduled for trial and involves excessive use of force.

26. Plaintiff has filed Goode v. Bruno, 3:10 cv01734 (JBA). This action involves a deprivation of religious ~~action~~ exercise and is pending disposition.

27. Currently pending and being litigated pro se is Goode v. Faraci, et al 3:17-CV-00478-AVC and involves invasion of Attorney-Client privacy.

28. Goode v. Champion, et al 3:17-CV-01188-AVC is currently before the court and involves various forms of excessive use of force.

29. There are no current civil action pending as the matter complained herein.

## Prayer for Relief

A. Plaintiff seeks a permanent injunction, enjoining the Defendants from housing him on any lower-level tier in this Institution.

B. An award of nominal damages.

C. An award of punitive damages against defendants for their reckless indifference and malicious conduct

D. Costs, expenses and attorney fees.

E. Grant any other such relief this court deems appropriate.

## Jury Demand

The plaintiff wishes to have a jury trial

Plaintiff
*Jason Goode*

## Declaration Under Penalty Of Perjury

The undersigned declares under penalty of perjury that he is the plaintiff in the above case-caption, that he has read the complaint and that the information therein is true and accurate.

Executed at Somers, Ct on this 1st day of August, 2018

*Jason Goode*